## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES EVERETT SHELTON, on behalf of himself and others similarly situated, | : :  CIVIL ACTION FILE NO. |
| Plaintiff, | : |
| v. | : |
| ABSOLUTE HOME MORTGAGE CORPORATION | : |
| Defendant. | : |

## **CLASS ACTION COMPLAINT**

Plaintiff James Everett Shelton (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of his counsel, and on information and belief, as follows:

## **NATURE OF ACTION**

1. Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans "outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers" *id.* § 2(6), and sought to strike a balance between "[i]ndividuals' privacy rights, public safety interests, and commercial freedoms" *id.* § 2(9).

2. "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id*…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people.  The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C*., 925 F.3d 643, 649-50 (4th Cir. 2019).

3. The Plaintiff alleges that Absolute Home Mortgage Corporation ("Absolute Home") made unsolicited telemarketing calls to his residential telephone number that is listed on the National Do Not Call Registry.

4. Because telemarketing calls typically use technology capable of generating thousands of similar calls per day, the Plaintiff sues on behalf of a proposed nationwide class of other persons who received similar calls.

5. A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## PARTIES

6. Plaintiff James Everett Shelton is an individual citizen and resident of this District.

7. Defendant Absolute Home Mortgage Corporation is a New Jersey corporation that is registered to do business in Pennsylvania.

## JURISDICTION AND VENUE

8. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

9. This Court has personal specific jurisdiction over Absolute Home because it makes telemarketing calls into this District, just as it did with the Plaintiff. Furthermore, Absolute Home is registered to do business in this District.

10. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because the Plaintiff is a resident of this District.

## TCPA BACKGROUND

11. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

The National Do Not Call Registry

13.  § 227(c) of the TCPA requires the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

13.  The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

14.  A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

15.  The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are made. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

### FACTUAL ALLEGATIONS

16.  Defendant Absolute Home is a "person" as the term is defined by 47 U.S.C. § 153(39).

17.  Absolute Home provides mortgage offerings.

18.  To generate new customers it makes telemarketing calls.

19.  At no point has the Plaintiff sought out or solicited information regarding Defendant's goods and services prior to receiving the telemarketing calls at issue.

Calls to Mr. Shelton

4

20. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

21. Plaintiff's telephone number (the "Number"), 484-626-XXXX, is on the National Do Not Call Registry and has been registered continuously for more than one year prior to the calls at issue.

22. The Number is a residential telephone number of Mr. Shelton.

23. It is registered in his name and used for personal calls only.

24. It is not associated with a business.

25. Despite this, the Defendant placed multiple telemarketing calls to Mr. Shelton.

26. One call was placed on April 27, 2022.

27. During this call, Mr. Shelton answered the phone but there was no one else on the other end.

28. The call lasted for almost 30 seconds with Mr. Shelton saying "hello" multiple times with no response.

29. It is likely that the automated dialing equipment Absolute uses to make calls made more calls than their telemarketing representatives were available to receive calls.

30. They then placed two calls on April 28, 2022.

31. During the first call on April 28, 2022, the caller advertised a new mortgage for Mr. Shelton.

32. The Defendant claimed that Mr. Shelton could pay less than 5% if he went with their services.

33. The Defendant inquired if Mr. Shelton's credit score was above 650, which was required for the offering from the Defendant.

34. The Defendant confirmed that Mr. Shelton was a Pennsylvania resident.

35. On both calls, Mr. Shelton spoke with a "Michael" who was an employee of the Defendant.

36. To confirm the solicitations, Mr. Shelton was sent an e-mail from "Michael".

37. The e-mail came from "Michael Mansur".

38. Mr. Mansur's e-mail was from the Defendant.

39. The e-mail was labeled, "New Refinance" and thanking Mr. Shelton for "taking the time to speak with me today".

40. The Caller ID for the first two calls from the Defendant to Mr. Shelton was (970) 296-9428.

41. Other individuals have complained about getting spam calls from that number. *See* https://800notes.com/Phone.aspx/1-970-296-9428 (Last Visited May 16, 2022).

42. Plaintiff's privacy has been violated by the above-described telemarketing calls.

43. The Plaintiff never provided his consent or requested these calls.

44. Despite that, Mr. Shelton sent the Defendant a written request to no longer make calls to him on April 28, 2022.

45. Despite that, he received another call on April 29, 2022.

46. "Michael" from the Defendant requested that Mr. Shelton call him back so he could attempt to sell him the Defendant's services.

47. Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendant because their privacy has been violated, and they were annoyed and harassed.

48. In addition, the calls occupied their telephone lines, rendering them unavailable for legitimate communication.

## Class Action Allegations

49. As authorized by Rule 23(b)(2) or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of a class of all other persons or entities similarly situated throughout the United States.

50. The class of persons Plaintiff proposes to represent is tentatively defined as:

**National Do Not Call Registry Class**: All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing calls from or on behalf of Defendant (3) within a 12-month period, (4) from four years prior the filing of the Complaint.

This is referred to as the "Class".

51. Excluded from the Class are counsel, the Defendant, and any entities in which the Defendant have a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

52. The Class as defined above are identifiable through phone records and phone number databases.

53. The potential members of the Class number at least in the thousands.

54. Individual joinder of these persons is impracticable.

55. The Plaintiff is a member of the Class.

56. There are questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

   (a) whether Defendant systematically made multiple telephone calls to members of the National Do Not Call Registry Class;

   (b) whether Defendant made calls to Plaintiff and members of the Class without first obtaining prior express written consent to make the calls;

   (c) whether Defendant's conduct constitutes a violation of the TCPA;

7

(d) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

57. Plaintiff's claims are typical of the claims of members of the Class.

58. Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class, he will fairly and adequately protect the interests of the Class, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

59. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

60. The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

## FIRST CAUSE OF ACTION

**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the National Do Not Call Registry Class)**

61. Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

62. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency

purposes, to the Plaintiff and the Class despite their numbers being on the National Do Not Call Registry.

63. The Defendant's violations were negligent, willful, or knowing.

64. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

65. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing calls to numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. Certification of the proposed Class;

B. Appointment of Plaintiff as a representative of the Class;

C. Appointment of the undersigned counsel as counsel for the Class;

D. A declaration that Defendant and/or their affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA;

E. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on

Defendant's behalf from making calls, except for emergency purposes, to any residential number listed on the National Do Not Call Registry in the future.

    F.    An award to Plaintiff and the Class of damages, as allowed by law; and

    G.    Orders granting such other and further relief as the Court deems necessary, just, and proper.

                JAMES EVERETT SHELTON,
                By his attorney

Date: May 18, 2022

                */s/ Jeremy C. Jackson*
                Jeremy C. Jackson (PA Bar No. 321557)
                BOWER LAW ASSOCIATES, PLLC
                403 S. Allen St., Suite 210
                State College, PA 16801
                Tel.: 814-234-2626
                jjackson@bower-law.com

                Anthony I. Paronich (subject to *pro hac vice*)
                Paronich Law, P.C.
                350 Lincoln Street, Suite 2400
                Hingham, MA 02043
                [o] (617) 485-0018
                [f] (508) 318-8100
                anthony@paronichlaw.com