IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES EVERETT SHELTON, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ABSOLUTE HOME MORTGAGE CORPORATION<br><br>Defendant. | No. 2:22-cv-01934 |

**MEMORANDUM OF LAW OF DEFENDANT, ABSOLUTE HOME MORTGAGE, IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO F.R.C.P. 12(b)6**

Defendant, Absolute Home Mortgage, by and through its undersigned counsel, hereby submits this Memorandum of Law in support of its Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

## I. Introduction

The purpose of a class action is to right a wrong that has been inflicted on a group too large to make individual lawsuits feasible and/or preferable. Plaintiff alleges that he received unsolicited calls and, based upon one blind item posted on the internet and his own imagination, alleges that others, "potentially in the thousands," have also. Plaintiff seeks to use this Court as the medium to investigate and to validate his speculation. For the reasons set forth below and under established law here in the Eastern District of Pennsylvania, plaintiff's efforts must fail.

## II. Factual Background

On May 18, 2022, Plaintiff James Everett Shelton filed his Complaint on behalf of himself and "all others similarly situated." Dkt. #1. Plaintiff alleges that Defendant, Absolute Home Mortgage, "made unsolicited telemarketing calls to his residential telephone number that is listed

on the National Do Not Call Registry." Complaint, ¶ 3. Plaintiff alleges that he has been registered on the National Do Not Call Registry continuously for more than one year. Complaint, ¶ 21. Despite this, plaintiff alleges, he received calls from Absolute on April 27 and 28, 2022. Complaint, ¶¶ 26, 30. Plaintiff further alleges that Absolute called him after he sent a written request that Absolute cease calling him. Complaint, ¶¶ 44-45.

Plaintiff defined his proposed class as "[a]ll persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarking calls from or on behalf of Defendant (3) within a 12-month period, (4) from four years prior the filing of the Complaint." Complaint, ¶ 50. Plaintiff alleges the questions of law and fact common to Plaintiff and the proposed Class include:

(a) Whether Defendant systematically made multiple telephone calls to members of the National Do Not Call Registry Class [sic];

(b) Whether Defendant made calls to Plaintiff and members of the Class without first obtaining prior express written consent to make the calls;

(c) Whether Defendant's conduct constitutes a violation of the TCPA;

(d) Whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

Complaint, ¶ 56.

The Telephone Consumer Protection Act ("TCPA") and its implementing regulations created a National Do Not Call Registry where consumers can register their phone numbers indicating their desire not to receive telemarketing calls. 47 U.S.C. § 227; see also 47 C.F.R. §64.1200(c)(2). The TCPA creates a private right of action for a person who is called despite having been on the National Do Not Call Registry "to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater." 47 U.S.C.A. § 227(b)(3).

Plaintiff alleges that he personally received calls from Absolute Mortgage "multiple" times despite the fact that he is on the National Do Not Call registry. Complaint, ¶¶ 21, 25. Plaintiff further alleges that "other individuals have complained about getting spam calls" from the same phone number from which Plaintiff alleges he received calls. Complaint, ¶¶ 40, 41. Plaintiff claims that the "potential members of the Class number in at least the thousands." Complaint, ¶53.

## III. Legal Standard

A Complaint should be dismissed when the plaintiff fails to state a claim upon which relief can be granted. F.R.C.P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, Plaintiff must state "enough *facts* to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) (emphasis added). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added). Under this standard, a court must reject "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," as well as "naked assertions devoid of further factual enhancement." Id. (citations, quotation marks and brackets omitted). On a motion to dismiss, courts are required "to strike [such] conclusory allegations" in determining whether the factual allegations suffice to state a claim. Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

To survive a motion to dismiss under these standards, "a complaint must do more than *allege* the plaintiff's entitlement to relief. A complaint has to '*show*' such entitlement with its facts." Fowler v. UPMC Shadyside, 578 F.3d 201, 211 (3d Cir. 2009) (citing Phillips v. Cnty of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008)) (emphasis added). "[W]here well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has

alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Id. (citation omitted). In assessing a motion to dismiss, courts must accept as true all of the factual allegations in a complaint, but the court need not accept a plaintiff's legal conclusions. "[O]nly a complaint that sates a plausible claim for relief survives a motion to dismiss." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

**IV. Argument**

The court should dismiss Plaintiff's Complaint because plaintiff has not pleaded a factual scenario capable of classwide resolution, and because Plaintiff's proposed class is an impermissible fail-safe class. Furthermore, as a matter of law, Plaintiff cannot establish the requirements of Federal Rule of Civil Procedure 23(a) to sustain a class. Even if Plaintiff could meet the minimum requirements of Rule 23(a), a class action is inappropriate because Plaintiff cannot establish that a class action is the superior method compared to other ways to adjudicate this controversy, as required by F.R.C.P. 23(b). "The plaintiff bears the burden of advancing a *prima facie* showing that the class action requirements of Federal Rule of Civil Procedure 23 are satisfied or that discovery is likely to produce substantiation of the class allegations. Absent such a showing, the trial court's refusal to allow class discovery is not an abuse of discretion." Semenko v. Wendy's Intern., Inc., 2013 WL 1568407 (W.D. Pa. 2013, 2:12-cv-0836).

Plaintiff has not alleged sufficient facts to support a class action that complies with Federal Rule of Civil Procedure 23(a). Pursuant to Federal Rule of Civil Procedure 23(a), a class may be certified only if:

> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;

    > (3) the claims or defenses of the representative parties are typical of the claims or defenses for the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed.R.Civ.P. 23(a). A plaintiff must *also* establish one of the following from Rule 23(b):

> (1) prosecuting separate actions by or against individual class members would create a risk of:
>
> > (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or
> >
> > (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests;
>
> (2) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or
>
> (3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:
>
> > (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
> >
> > (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
> >
> > (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
> >
> > (D) the likely difficulties in managing a class action.

Fed.R.Civ.P. 23(b). "[A] class may not be certified without establishing that each Rule 23 requirement is met." In re Hydrogen Peroxide Antitrust Litigation, 552 F.3d 305, 307 (3rd Cir. 2008).

The court must determine whether the action may be maintained as a class action as soon as is practicable after the action is filed. Fed.R.Civ.P. 23(c)(1). "District courts have broad discretion to control the class certification process, and whether or not discovery will be permitted… lies within the sound discretion of the trial court." Semenko v. Wendy's Intern., Inc., 2013 WL 1568407 (W.D.Pa. 2013) (citing Kamm v. Cal. City Dev. Co., 509 F.2d 205, 209 (9th Cir. 1975))(internal quotations omitted). Where it is clear from the complaint itself that the requirements for maintaining a class action cannot be met, a defendant may move to strike the class allegations before a motion for class certification is filed. NBL Flooring, Inc. v. Trumball, Inc. Co., No. 10-4398 (E.D.Pa. 2011); *see also* Zarichny v. Complete Payment Recovery Services, Inc., 80 F.Supp.3d 610 (E.D.Pa. 2015), Forman v. Data Transfer, Inc., 164 F.R.D. 400 (E.D.Pa. 1995), Marcus v. BMW of North America, LLC, 687 F.3d 583 (3d. Cir. 2012). Here, Plaintiff has not pleaded sufficient factual allegations to support his sole count for class action, and accordingly the sole count – the Complaint – should be dismissed.

**i. Plaintiff proposes an impermissible fail-safe class that must be dismissed.**

Plaintiff's putative class is:

> All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing calls from or on behalf of Defendant (3) within a 12-month period, (4) from four years prior the filing of the Complaint.

Complaint, ¶ 50. Under the TCPA, anyone on the Do Not Call registry who receives more than one unsolicited call after 31 days on the registry, and less than 13 months after so registering, is

entitled, for four years, to seek relief under the statute. Plaintiff's class is purposely created to satisfy the elements of the statute, yet requires "mini trials" or specific discovery to establish their right to populate such a class. That is, by definition, a fail-safe class previously deemed impermissible here in the Eastern District as unsustainable, consistent with Third Circuit precedent barring the same.

In Zarichny v. Complete Payment Recovery Services, Inc., this court struck a plaintiff's putative class claims in a TCPA case because the plaintiff proposed an impermissible fail-safe class. Zarichny, *supra,* 80 F.Supp.3d at 624. In Zarichny, plaintiff tried to bring a putative class action on behalf of herself and two classes similarly situated: one class bringing a claim under the Fair Debt Collection Practices Act, and a "TCPA class" of people "who received one or more telephone calls from [d]efendants on the individual's cellular telephone that was initiated using an automatic telephone dialing system" without having given consent. Id. at 614. The court struck Zarichny's putative class claims – over Zarichny's argument that to do so would premature when she had not yet filed a motion for class certification – because her "class treatment on the face of the complaint leaves little doubt they are not viable." Id. at 623-24.

The court explained that "[a] fail-safe class is one that defines its members by the plaintiff's liability – all individuals wronged by the defendant, in the classic formulation." With a fail-safe class, "either the class members win or, if the defense prevails, no class exists, and the putative class members, unbound by any judgment, are free to pursue individual claims." Fail-safe classes are inappropriate because "[c]lass actions are generally binding on absent members, but such a class impermissibly skirts the bar of *res judicata.*" Id. at 624.

Here, Plaintiff's proposed class is the textbook example of a fail-safe class: "[a]ll persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for

at least 31 days, (2) but who received more than one telemarking calls from or on behalf of Defendant (3) within a 12-month period, (4) from four years prior the filing of the Complaint." Complaint, ¶ 56. If an individual has been on the National Do Not Call Registry for at least 31 days, yet receives more than one call from a defendant within a 12-month period without prior consent, they will prevail on their claim. If Defendant prevails in its defense, the class does not exist, and plaintiff and the other putative class members evade *res judicata.* This is precisely the situation the Zarichny court would not permit.

While the Third Circuit has not yet considered the permissibility of fail-safe classes, in Zarichny, this court was guided by the Third Circuit's conclusion in Marcus v. BMW of North America, LLC, that "[i]f class members are impossible to identify without extensive and individualized fact-finding or 'mini-trials,' then a class action is inappropriate." 687 F.3d 583 (3d Cir. 2012). In Marcus, the plaintiff's purported class was "current and former owners and lessees of 2006, 2007, 2008, and 2009 BMW vehicles equipped with run-flat tires manufactured by Bridgestone and/or BATO and sold or leased in [New Jersey] whose Tires have gone flat and been replaced…" Id. at 590. The Third Circuit vacated the district court's certification of this class because it did not meet the ascertainability requirements of Rule 23. The Court explained that "[i]f class members are impossible to identify without extensive and individualized fact-finding or 'mini-trials,' then a class action is inappropriate." Id. at 593. Additionally, the court noted that the ascertainability requirement protected defendants "by ensuring that those persons who will be bound by the final judgment are clearly identifiable."

As with the purported class in Zarichny, Plaintiff's proposed class is a fail-safe class because it is defined by the elements it is required to prove. Furthermore, Plaintiff's proposed class does not meet the requirement that the class be currently and readily ascertainable based on

objective criteria. Full discovery and analysis of the merits of a TCPA action is required to make the determination of whether a potential plaintiff is a member of the purported class. If defendant prevails, no class exists.[1]

Plaintiff alleges that one of the questions of law and fact common to Plaintiff and the proposed class is "whether Defendant's conduct constitutes a violation of the TCPA." Complaint, ¶ 56(c). In other words, the question of whether the class exists and the question of whether Defendant is liable are one and the same. Accordingly, this court should dismiss plaintiff's Complaint because the purported class is an impermissible fail-safe class.

**ii. Plaintiff's allegation that Defendant committed a series of similar wrongful acts does not qualify for class action recognition.**

To sustain a class action, Plaintiff must demonstrate that the putative class members suffered the same injury. *See* Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 349 (2011). "This does not mean merely that they have all suffered a violation of the same provision of a law." Id. at 350. Class members' claims must depend upon a common contention that "must be of such a nature that it is capable of classwide resolution – which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." Id.

---

[1] Where a proposed class makes no references to the required elements for a claim under the TCPA *and the class's existence is not determined on a potential class member's own word*, as in Abella v. Student Aid Center, Inc., the purported class is not fail-safe. *See* 2015 WL 6599747 (E.D. Pa. No. 15-3067). In Abella, the same District Court Judge as in Zarichny declined to strike class allegations in a TCPA complaint arising from promotional text messages in part because the proposed class made "no reference to SAC's use of an automatic telephone dialing system (ATDS) in the class definition, which is a required element for a claim under the TCPA, 47 U.S.C.A. § 226(b)(1)(A)(iii)." Here, in contrast, Plaintiff's proposed class consists exclusively of the elements of the claim under the Do Not Call List section of the TCPA and time limitations. Abella is instructive only in that it is distinguishable from this case.

Here, Plaintiff alleges that Defendant made potentially thousands of separate calls to separate potential class members. Plaintiff has not alleged that these calls were placed at the same time, by the same caller, or featured the same conversation. Those are not common facts; those are similar experiences.[2] Furthermore, whether or not Defendant is liable to any member of the putative class hinges on whether that class member gave prior consent to receive calls from Defendant. Plaintiffs' complaint describes only a series of similar alleged wrongs, and resolving the matter is impossible without individualized inquiry into each class member's consent to receive calls. Accordingly, this claim is not suitable for class action litigation and should be dismissed.

**iii. Plaintiff has not alleged facts to establish the class is so numerous that joinder of all members is impracticable.**

Plaintiff's Complaint fails as a matter of law because Plaintiff has not alleged any facts showing that the class is so numerous that joinder of all members is impracticable. Rule 23(a)(1) prohibits class actions unless "the class is so numerous that joinder of all members is impracticable." Fed.R.Civ.P. 23(a)(1). Plaintiff's putative class is:

> All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing calls from or on behalf of Defendant (3) within a 12-month period, (4) from four years prior the filing of the Complaint.

[2] To illustrate the difference, consider the following scenarios: Three neighboring landowners to the East, West and North of a large defendant landowner each own a grove of trees lining the defendant's property. On three separate weekends, the defendant landowner cuts down a dozen tress from each bordering grove. These three landowners have a similar experience, and each has an individual cause of action. In contrast, rather than individually cutting down trees, the defendant landowner conducts excavation and construction on his property, and one day, the concussion from explosives used to destroy rock formations flattens every tree within one mile of defendant's property. That is a set of common facts, and provided other conditions are met, could form the basis for a class action. That is the difference between common facts, and similar experiences.

Complaint, ¶ 50. Plaintiff alleges the potential members of the Class "are identifiable through phone records and phone number databases." Complaint, ¶ 52. Plaintiff further makes the conclusory allegation that "Individual joinder of these persons is impracticable." Complaint, ¶ 54. However, Plaintiff has not pleaded any facts to support this conclusion.

The numerosity requirement of Rule 23(a)(1) is satisfied where a named plaintiff demonstrates that the putative class includes more than forty individuals. Stewart v. Abraham, 275 F.3d 220, 226-27 (3d. Cir. 2001). Here, Plaintiff claims the potential Class members "number at least in the thousands." Complaint, ¶ 53. However, Plaintiff has not demonstrated any facts supporting that claim. Plaintiff alleges that "[o]ther individuals have complained about getting spam calls from that number. *See* https://800notes.com/Phone.aspx/1-970-296-9428 (Last Visited May 16, 2022)." Complaint, ¶ 41. However, the listing for the telephone number 970-296-9428 on "800notes.com" lists only one complaint from an individual who received a call from Defendant's phone number. Two individuals – Plaintiff and an anonymous, unverified internet poster – are not too numerous to make joinder impractical, and therefore not numerous enough to sustain a class action. Without further factual allegation, the Complaint fails as a matter of law because the numerosity requirement cannot be met.

**iv. As a matter of law, there are not questions of law or fact common to the class.**

A class action cannot be sustained for the alleged violation of the TCPA as a matter of law because each class member requires an inherently individualized inquiry into the circumstances of each allegedly unwanted transmission. Rule 23(a)(2) requires, for a class action to proceed, that there be "questions of law or fact common to the class." Fed.R.Civ.P. 23(a)(2). In Forman v. Data Transfer, Inc., this court addressed class certification of a proposed class under the TCPA and concluded that the plaintiff could not meet the requirements of Rule 23 because "courts have been

unwilling to find commonality where the resolution of 'common issues' depends on factual determinations that will be different for each class plaintiff." 164 F.R.D. 400, 402 (E.D.P.A. 1995).[3]

In Forman, plaintiff sought to certify a class for a TCPA claim of "all residents and businesses who have received unsolicited facsimile advertisements since January 1, 1992 from Data Transfer, Inc." Id. Plaintiff alleged that Data Transfer had sent him and others similarly situated unsolicited fax advertisements in violation of the TCPA.

The Forman court noted that "defining the purported class as 'all residents and businesses who have received unsolicited facsimile advertisements' requires addressing the central issue of liability to be decided in the case. Determining a membership in the class would essentially require a mini-hearing on the merits of each case." Id. at 403. As with this case, in Forman the proposed class members would have to each establish not only that they received a transmission from the defendant, but also that it was *unsolicited.* Here, based on Plaintiff's proposed class, a four-part inquiry is required: 1) whether an individual's number was on the National Do Not Call Registry for 31 days at the time they received a call, 2) whether the individual received more than one telemarketing call from Defendant, 3) whether those calls occurred within a 12-month period, and 4) whether the calls in that 12-month period occurred in the four years prior to the Complaint. Additionally, Absolute Home Mortgage would have to inquire as to each class member whether they solicited a call.

This court noted Forman's proposed class's shortcomings with respect to the commonality and typicality requirements, explaining:

[3] Forman predates this District's analysis of impermissible fail-safe classes. Yet, the Forman court's analysis presages this District's rejection of fail-safe classes and is informative and persuasive in this matter.

> Plaintiff's proposed "common" questions are inherently individualized, requiring inquiry into the particular circumstances of each transmission. The transmissions to each plaintiff would necessarily occur in different places, at different times and under differing circumstances. Given the individual proof necessary to establish liability, the commonality requirement cannot be met.

Forman, 164 F.R.D. at 404. Plaintiff's class fails as a matter of law because there is no common issue that can be resolved without a factual determination being made as to each class member. A plaintiff seeking to bring a class action must demonstrate commonality of claims: that the claims "depend upon a common contention" that is "capable of classwide resolution. Wal-Mart Stores, Inc. v. Dukes, 131 S.Ct. 2541 (2011).

In Forman, the court refused to certify the class because there was no common nucleus of operative facts present for the entire class:

> Liability arises only if a transmitted advertisement is *unsolicited.* Furthermore, each unsolicited transmission is a separate violation. *See* 47 U.S.C. §§ 227(a) and (b). Thus, the essential question of fact that each potential plaintiff must prove is whether a specific transmission to its machine was without express invitation or permission on its part. Plaintiff's proposed "common" questions are inherently individualized, requiring inquiry into the particular circumstances of each transmission. The transmissions to each plaintiff would necessarily occur in different places, at different times, and under differing circumstances. Given the individual proof necessary to establish liability, the commonality requirement cannot be met.

Forman at 404.

With respect to telephone calls, the TCPA makes it unlawful "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party" in most circumstances. 47 U.S.C.A. § 227(b)(1)(a)(iii). To prevail on a claim under the TCPA, Plaintiff must show that the class members (1) received multiple calls within twelve months, (2) by or on behalf of the same entity,

(3) on a residential phone registered on the Do Not Call list. *See* Smith v. Vision Solar, LLC, Slip Copy, 2020 WL 5632653 (E.D. Pa. 20-2185). In other words, plaintiff must establish for each class member (1) that they registered for the Do Not Call list more than 30 days prior to receiving a call from Defendant; (2) that they received more than one call from Defendant in a 12-month period; and (3) that they did not solicit such contact from Defendant. As in Forman, this requires the court to make an individual inquiry into each plaintiff to determine whether they gave prior consent for a message. Because this level of individual proof is necessary to establish liability, the commonality requirement cannot be met as a matter of law.

**v. Plaintiff has not alleged facts to establish any of the elements of Rule 23(b).**

Plaintiff has not pleaded a cause of action to sustain a class claim unless they meet the requirements of Fed. R. Civ. P. 23(a) *and* establish one of the following from Fed. R. Civ. P. 23(b):

> (1) prosecuting separate actions by or against individual class members would create a risk of:
>
> (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or
>
> (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests;
>
> (2) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or
>
> (3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:

(A) the class members' interests in individually controlling the prosecution or defense of separate actions;

(B) the extent and nature of any litigation concerning the controversy already begun by or against class members;

(C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

(D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b). Plaintiff has not pleaded sufficient facts to establish any of the above. Plaintiff has only set forth one conclusory allegation as to 23(b)(3) – that "[**c]ommon questions of law and fact predominate over questions affecting over individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy**. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents." Complaint, ¶ 59 (emphasis added). Without further factual allegations, Plaintiff's claim fails as a matter of law.

***(a) Plaintiff has not alleged that his proposed class meets the requirements of Fed.R.Civ.P. 23(b)(1).***

Plaintiff has set forth no factual allegation or legal conclusion as to the risks to Plaintiff, class members, or Defendant of prosecuting separate actions to satisfy the requirement of Fed.R.Civ.P. 23(b)(1). There is no question about the standard of behavior Defendant is expected to follow and the individual adjudication of Mr. Shelton's matter with Defendant will in no way prejudice Defendants' ability to understand its obligations with regard to any other putative class members, as those obligations are personal to each and every putative class member.

Similarly, there is no question that the adjudication of Mr. Shelton's matter with Defendant will in no way affect any other putative class member's individual action against Defendant as the

conduct of Defendant with regard to Mr. Shelton and any factual finding pertaining thereto has no relevance to Defendant's conduct relative to any other putative class member.

In a class action addressing one tortious action that affected numerous potential plaintiffs, this would be the case, wherein a finding of fact or non-liability against Defendant in one action could preclude other plaintiffs' claims before their day in court. However, the alleged harm wrought by Defendant is not a universal tort, but rather individualized to each potential plaintiff. Plaintiff alleges not that Defendant committed one act against many, but that Defendant made numerous individual calls to individual potential class members. Plaintiff's factual allegations do not support the requirements of Rule 23(b)(1).

***(b) Plaintiff has not alleged that his proposed class meets the requirements of Fed.R.Civ.P. 23(b)(2).***

Plaintiff has set forth no factual allegation or legal conclusion as to Defendant's refusal to act on grounds that apply generally to the proposed class, warranting final injunctive or declaratory relief to satisfy the requirement of Fed.R.Civ.P. 23(b)(2). Plaintiff's Complaint pleads only a perfunctory paragraph seeking injunctive relief "prohibiting Defendants… from making telemarketing calls to numbers on the National Do Not Call Registry, except for emergency purposes, in the future." Complaint, ¶ 65. Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Indeed, this court should not.

Plaintiff does not allege any facts that establish a need for or right to injunctive relief, but instead combines a declaration that Defendant violated the TCPA, thereby triggering liability to Plaintiff, with the need for an injunction from future behavior. It is asking the court to increase the sanctions against a party who violates the TCPA beyond the penalty stated in the Act by invoking the court's powers to enjoin wrongful behavior and punish further violations.

***(c) Plaintiff's proposed class cannot meet the requirements of Fed.R.Civ.P. 23(b)(3).***

Pursuant to Rule 23(b)(3), a class action may proceed if "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Plaintiff alleges that he has satisfied this portion.

If the Plaintiff's complaint cannot support for the requirements of Rule 23(b)(1) or 23(b)(2), which in this case he clearly cannot, the Plaintiff must establish that common questions of law or fact predominate over individual issues AND that it is the superior method to adjudicate the controversy. If not, the claim fails as a matter of law. In this matter, Plaintiff has not alleged any facts supporting this conclusion, but rather has alleged that numerous other class members simply had a common experience. By definition, every putative class member in this matter must establish its own set of facts, that it was in the Do Not Call Registry, that it received calls within the specified period and that it did not consent to receive such calls.

In Forman, *supra*, this court noted that the TCPA "provides for a *minimum* recovery of $500 for each violation as well as treble damages if the plaintiff can prove willful or knowing violation." Forman v. Data Transfer, 164 F.R.D. at 404. The court concluded that "[t]he statutory remedy is designed to provide adequate incentive for an individual plaintiff to bring suit on his own behalf" and that "class action would be inconsistent with the specific and personal remedy provided by Congress to address the minor nuisance of unsolicited facsimile advertisements." Id.

A class action is appropriate to protect the class's interests where separate trials would involve proof of the same facts. However, that is not the case here. In the class suggested by plaintiff, each member would have to establish not only that they received more than one phone call from Defendant, but that the calls were unsolicited. Furthermore, a class action would extend

the time to resolve the dispute far beyond what a single plaintiff could expect in small claims court, and divert some portion of the recovery into an attorney's pockets.

Plaintiff's claims also fail to qualify as "superior to other available methods for fairly and efficiently adjudicating the controversy." Congress specifically indicated in the legislative history of the TCPA that the Act was designed to encourage individual causes of action, granting adequate relief without requiring a plaintiff to hire counsel. In introducing the TCPA, United States Senator Ernest Hollings described the Act's private right of action as specifically intended for consumers to easily bring claims without an attorney:

> The amount of damages in this legislation is set to be fair to both the consumer and the telemarketer. However, it would defeat the purposes of the bill if the attorneys' costs to consumers of bringing an action were greater than the potential damages. I thus expect that the States will act reasonably in permitting their citizens to go to court to enforce this bill.

137 Cong. Rec. S16204 (daily ed. Nov. 7, 1991) (statement of Sen. Hollings). Each plaintiff who can establish a claim under the TCPA is entitled to recover $500 or their actual damages, whichever is greater, and can do so with expediency and minimal cost. A class action is not the superior method of recovery when the option to expediently resolve the dispute in small claims court is available.

**V. Conclusion**

For the foregoing reasons, Defendant Absolute Home Mortgage respectfully requests that the Court enter an Order dismissing Plaintiff's Complaint.

Respectfully submitted,

By: ***/s/ C. Lawrence Holmes***

C. Lawrence Holmes, Esq. (64245)
Megan K. Shannon, Esq. (319131)
**OFFIT KURMAN, P.A.**
1801 Market Street, Ste. 2300
Philadelphia, PA 19103
Telephone: 267.338.1339
Facsimile: 267.338.1335
Larry.holmes@offitkurman.com
*Attorneys for Defendant*

Date: June 30, 2022

4892-7021-0596, v. 5