IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES EVERETT SHELTON, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ABSOLUTE HOME MORTGAGE CORPORATION<br><br>Defendant. | | No. 2:22-cv-01934 |

**DEFENDANT ABSOLUTE HOME MORTGAGE CORPORATION'S REPLY BRIEF
IN SUPPORT OF ITS MOTION TO DISMISS**

Defendant Absolute Home Mortgage Corporation, by and through its attorneys, Offit Kurman, P.C. hereby submits this Reply Brief in Support of its Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) and in support thereof avers as follows.

**I.      Preliminary Statement**

Plaintiff mischaracterizes Absolute's Motion to Dismiss, ignoring that his sole allegation is a class action. Even if he were permitted all the discovery in the world, Mr. Shelton's class allegation would fail because his cause of action is not capable of class-wide resolution. Mr. Shelton's arguments regarding the standard for a motion to strike class allegations misses the mark. Accepting all the factual allegations in Mr. Shelton's complaint[1] as true, there is still no way his

---

[1]   The Court should accept as true only those facts alleged in Plaintiff's Complaint. In his response to Absolute's Motion to Dismiss, Plaintiff embellishes his allegations beyond that pleaded in the Complaint: adding that the alleged offending calls were made by Absolute (¶ 25) "or a call center retained on their behalf" (page 3) and upping his allegation that "it was likely" that Absolute uses automated dialing equipment (¶ 29) to a conclusion that it does use such equipment (page 4). Similarly, Plaintiff accuses Absolute of failing to provide evidence of a potential affirmative defense, even though Absolute's sole pleading is a 12(b)(6) challenge to the legal sufficiency of Plaintiff's claim.

1

proposed class can proceed because (i) he has pleaded a fail-safe class not permitted as a matter of law; and (ii) this class action is NOT "superior to other available methods for fairly and efficiently adjudicating the controversy."

**II.    Argument**

A.    <u>Plaintiff has not addressed the fatal infirmities of his Class Action Complaint.</u>

Whether Mr. Shelton's consent to Absolute's call is an affirmative defense, or lack of his consent is an element of a TCPA violation, that consent factor requires an individualized inquiry as to each class member, making it an impermissible fail-safe class. "[I]f class members are impossible to identify without extensive and individualized fact-finding or 'mini-trials,' then a class action is inappropriate." <u>Marcus v. BMW of North America, LLC</u>, 687 F.3d 583 (3d Cir. 2012). *See* <u>Forman v. Data Transfer, Inc.</u>, 164 F.R.D. 400 (E.D.Pa. 1995),

This Court has held that the commonality requirement for class actions is not met "where the resolution of 'common issues' depends on factual determinations that will be different for each class plaintiff." <u>Forman</u>, 164 F.R.D. at 402 (E.D.Pa.). In <u>Forman</u>, this Court dismissed a claim where the purported class members received unsolicited fax advertisements because determining membership in the class required a determination on the merits of each case. Here, as in <u>Forman,</u> the determination of whether a person is a member of the class and a determination as to Absolute's liability to that person are one and the same. While Plaintiff cites to California, Illinois and Oregon cases to argue that Absolute's motion to dismiss based on the legal insufficiency of his claim is premature, this Court ruled in <u>Forman</u> that a case that requires individualized inquiry for each plaintiff is inappropriate for class action, and this Court has not ruled since to the contrary. Plaintiff also argues that <u>Landsman & Funk PC v. Skinder-Strauss Assocs., 640 F.3d 72 (3d Cir. 2011)</u> somehow disagreed with or overruled <u>Forman</u> and nothing could be further from the truth. The

Landsman primarily addressed the jurisdiction of federal courts to hear TCPA cases under the United States Code, 28 U.S.C. § 1331; its only mention of Forman was to note that there existed Eastern District of Pennsylvania caselaw that contradicted its statement that "[t]he possibility that some of the individuals may separately have consented to the transmissions at issue is an insufficient basis for denying certification." Id. at 94. Finally, the plaintiff in Landsman alleged over 10,000 faxes being sent by the defendants therein; Plaintiff here alleges three (3) calls by Defendant.[2]

Plaintiff asserts that he deliberately chose not to include language about prior express written consent in his proposed class definition in an attempt to avoid creating a fail-safe class. However, the Court must still adjudicate whether each class member gave their consent for calls whether or not that is pleaded as part of the class. A TCPA violation exists only if the call recipient did not consent to contact; that determination must be made as to each class member. Because this case cannot be resolved without that individualized analysis, it is inappropriate for a class action. Consequently, because the sole count of Plaintiff's complaint is brought on behalf of the proposed class, it must be dismissed.

   B. The Case Must be Dismissed Because the Magisterial District Courts of Pennsylvania Provide an Adequate and Superior Forum in Which to Adjudicate the Controversy.

Plaintiff alleges he received three telephone calls, and only three calls, from Defendant; if his allegations of willful conduct are accepted as true, Plaintiff is entitled to damages between

---

[2]   In paragraph 26 of the Complaint, Plaintiff alleges "[o]ne call was placed on April 27, 2022." Plaintiff does not specify that Defendant made the call, nor does Plaintiff identify a phone number associated with that call. Therefore, Plaintiff is not entitled to the assumption of the truth of that allegation for purposes of a motion to dismiss. Paragraphs 30 and 45 are the only paragraphs that identify with specificity calls made allegedly by the defendant, two on the 28th of April, and one on the 29th.

$1,500 and $4,500.[3] This amount is well within the jurisdictional damage limits of Pennsylvania's Magisterial District Courts ("MDC"). Additionally, the MDC have jurisdiction over the Defendant. *See* Pa. Rules of Civil Procedure Governing Actions and Proceedings before Magisterial District Judges.

The TCPA was designed with *pro se* plaintiffs in small claims court in mind. It provides damages of up to $1500 per violation and is easily prosecuted without an attorney in small claims court.[4] Plaintiff points to Mims to support his claim that a $500 award is insufficient to justify a TCPA suit on an individual basis. However, that is not what Mims holds. In Mims, the Supreme Court resolved a Circuit Court disagreement, and declared with finality that Federal Courts have federal question jurisdiction over TCPA claims. 556 U.S. 368, 387. In reaching this conclusion, the Supreme Court did not rule out the availability and preferability of small claims courts as a forum to prosecute TCPA claims. Indeed, it particularly addressed the unavailability of the Florida small claims court to Mr. Mims in that particular litigation because he alleged receiving 12 calls, seeking treble damages of $1,500 each call, bringing the total value of the claim above Florida's small claims jurisdictional limit. Mims, 556 U.S. at 385. However, this does not mean individual

---

[3] In this context, Plaintiff once again misrepresents the facts of this case to this court. In his complaint and again in the opposition, Plaintiff alleges that "others" and "other individuals" complained about calls from Defendant's number on the website "800Notes.com." As of May 16, 2022 through August 16, 2022, the site contains only **one** anonymous, unverified entry dated April 8, 2022. A copy of the 800Notes.com entry is attached as Exhibit "A." One anonymous post does not "other individuals" make. Furthermore, "Jo" can reveal herself or himself, and verify the post; until then, this allegation is meaningless, and not entitled to the assumption of truth.

[4] In Landsman, the Third Circuit does not preclude dismissal of Plaintiff's Complaint, and as explained above, neither overruled nor criticized Forman. Landsman & Funk P.C. v. Skinder-Strauss Assocs., 640 F.3d 72, 94 (3d. Cir. 2011). The Landsman Court's primary decision about jurisdiction was overturned by the United States Supreme Court in Mims v. Arrow Financial Services, LLC, 556 U.S. 368 (2012). Mims is discussed infra.

actions in small claims court are inferior to federal class actions to resolve TCPA claims. To the contrary, in Pennsylvania, where Mr. Shelton resides, a plaintiff in a TCPA action in small claims court is entitled to statutory damages *and* reimbursement of their filing fees, making it expedient and economically viable for any plaintiff. This is a far more accessible avenue to relief than waiting for a class action to proceed in federal court, and this plaintiff may have his day in court years faster. Even if he seeks treble damages for each violation – a total of $4,500 in damages – he is well within Pennsylvania's small claims court jurisdictional limits and may summarily bring this action before a magisterial district court. Plaintiff can proceed to the MDC without an attorney, and all costs associated with the filing and service of the complaint in the MDC, if he is successful, are recoverable by the Plaintiff.

Mr. Shelton is no stranger to lawsuits under the TCPA; he is the plaintiff in Shelton v. Fast Advance Funding, 378 F.Supp. 3d 356 (E.D. Pa. 2019). Defendant asks this Court to take judicial notice of the Plaintiff's experience with lawsuits under the TCPA while evaluating the superiority of the MDC forum, the sophistication of this plaintiff, and his ability to navigate the MCD to seek redress for the alleged wrong.[5] Such an analysis should convince this Court that a class action is not warranted is this case and should be dismissed.

---

[5] Defendant is not challenging this Court's jurisdiction over a TCPA claim; rather defendant is challenging the plaintiff's assertion that this **class action** is the superior method for adjudicating Mr. Shelton's cause of action. For the reasons above, this class action is not superior to the alternative provided in Pennsylvania for an expedited adjudication in the MDC, wherein the Plaintiff is quickly provided a trial date, and wherein he is entitled to recover the costs of suit as part of any damage award.

## II. Conclusion

For the foregoing reasons, and those stated in Absolute's Motion to Dismiss for Failure to State a Claim, Absolute Home Mortgage Company respectfully requests that this Court dismiss Plaintiff's Complaint.

Respectfully submitted,

By: */s/ C. Lawrence Holmes*
C. Lawrence Holmes, Esq. (64245)
**OFFIT KURMAN, P.C.**
1801 Market Street, Ste. 2300
Philadelphia, PA 19103
Telephone:  267.338.1339
Facsimile:  267.338.1335
Larry.holmes@offitkurman.com
*Attorneys for Defendant*

Date: August 16, 2022

CERTIFICATE OF SERVICE

On August 16, 2022, the undersigned filed the foregoing on the Court's CM/ECF system.

  */s/ C. Lawrence Holmes*
C. Lawrence Holmes