IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES EVERETT SHELTON**, on behalf of himself and others similarly situated | : : : : | CIVIL ACTION<br><br>NO. 22-1934 |
| *Plaintiff* | : : | |
| v. | : : | |
| **ABSOLUTE HOME MORTGAGE CORPORATION** | : : : | |
| *Defendant* | : | |

# ORDER

**AND NOW**, this 24th day of January 2023, upon consideration of Defendant's *motion to dismiss*, [ECF 10], Plaintiff's response in opposition, [ECF 13], Defendant's reply, [ECF 14], and the allegations in the complaint, [ECF 1], it is hereby **ORDERED** that the motion is **DENIED**.[1]

---

[1]  Plaintiff James Everett Shelton ("Plaintiff") filed a complaint asserting a single claim under the Telephone Consumer Protection Act of 1991 (the "TCPA"), 47 U.S.C. § 227, premised on his allegations that Defendant Absolute Home Mortgage Corporation ("Defendant") made at least two phone calls to Plaintiff's residential telephone number despite the fact that Plaintiff had registered his telephone number on the National Do Not Call Registry.  Plaintiff asserts claims on his own behalf and purportedly on behalf of the following proposed class:

> National Do Not Call Registry Class:  All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call from or on behalf of Defendant (3) within a 12-month period, (4) from four years prior to the filing of the Complaint.

Defendant moves to dismiss the complaint in its entirety on the basis that it fails, on its face, to allege a legally viable class claim.  Essentially, Defendant argues that Plaintiff has failed to adequately plead the requirements of Federal Rule of Civil Procedure ("Rule") 23 for a class claim.

Generally, courts decide whether a plaintiff has met the requirements of Rule 23 on a motion for class certification, rather than on a motion to dismiss. *Martin v. Ford Motor Co.*, 765 F. Supp. 2d 673, 680 (E.D. Pa. 2011) ("[C]ourts within the Third Circuit have . . . [found] a motion to strike class allegations premature where a motion for class certification has not been made and denied."); *P.V. ex rel. Valentin v. Sch. Dist. of Phila.*, 2011 WL 5127850, at *3 (E.D. Pa. Oct. 31, 2011) ("[I]n general, a court should wait to resolve a motion to strike class allegations until someone moves for class certification.").  Courts may depart from this general rule, however, where "class treatment is evidently inappropriate from the face of

**BY THE COURT:**

/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

the complaint." *Zarichny v. Complete Payment Recovery Servs., Inc.*, 80 F. Supp. 3d 610, 615 (E.D. Pa. 2015).

District courts within this circuit must perform a "rigorous analysis" when deciding whether a putative class meets the Rule 23 requirements. *In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305, 318 (3d Cir. 2008), *as amended*, (Jan. 16, 2009). This rigorous analysis often requires "some level of discovery." *Landsman & Funk PC v. Skinder-Strauss Assocs.*, 640 F.3d 72, 93 (3d Cir. 2011), *opinion reinstated, in part*, 2012 WL 2052685 (3d Cir. Apr. 17, 2012). Here, this Court declines to stray from this Circuit's general practice based on a few pages of the briefing filed. *Korman v. Walking Co.*, 503 F. Supp. 2d 755, 763 (E.D. Pa. 2007) ("There is no good reason for this case not to proceed down the normal path, *i.e.*, with . . . the parties litigating the propriety of maintaining the action as a class under the traditional Rule 23[] rubric."). As such, Defendant's motion to dismiss the class claims is, therefore, denied.

This Court also rejects Defendant's "fail-safe class" argument. Defendant, relying solely upon the non-binding decision in *Zarichny*, 80 F. Supp. 3d 610, essentially contends that Plaintiff has proposed an impermissible "fail-safe class" that includes the Defendant's liability within the definition. Defendant is misguided. Unlike the class definition in *Zarichny*, here, Plaintiff's proposed class does not include the referenced "without prior consent." As such, this Court finds the comparison to *Zarichny* inapposite in this respect.